**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**at ASHLAND**

**Civil Action No. 06-113-HRW**

**REBECCA A. REFFITT**,                                                    **PLAINTIFF,**

**v.**                          **MEMORANDUM OPINION AND ORDER**


**JO ANNE B. BARNHART**
**COMMISSIONER OF SOCIAL SECURITY,**                    **DEFENDANT.**


Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a

final decision of the Defendant denying Plaintiff's application for supplemental

security income benefits.  The Court having reviewed the record in this case and

the dispositive motions filed by the parties, and being otherwise sufficiently

advised, for the reasons set forth herein, finds that the decision of the

Administrative Law Judge is supported by substantial evidence and should be

affirmed.

**II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed her current application for  supplemental security income

benefits on December 27, 2004, alleging disability beginning on February 9, 2004,

due to back, neck and headaches and a car accident (Tr. 89-90).  This application

was denied initially and on reconsideration.  On March 15, 2005, an administrative

video hearing was conducted by Administrative Law Judge Gordon Malick

(hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified.  At the

hearing, Bonnie Martindale, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the

following five-step sequential analysis in order to determine whether the Plaintiff

was disabled:

Step 1:  If the claimant is performing substantial gainful work, he is not
disabled.

Step 2:  If the claimant is not performing substantial gainful work, his
impairment(s) must be severe before he can be found to be disabled based
upon the requirements in 20 C.F.R. § 416.920(b).

Step 3:  If the claimant is not performing substantial gainful work and has a
severe  impairment (or impairments) that has lasted or is expected to last for
a continuous period of at least twelve months, and his impairments (or
impairments) meets or medically equals a listed impairment contained in
Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without
further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him
from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from
performing his past relevant work, if other work exists in significant
numbers in the national economy that accommodates his residual functional
capacity and vocational factors, he is not disabled.

On April 18, 2006, the ALJ issued his decision finding that Plaintiff was not

disabled (Tr. 12-19).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 14).

The ALJ then determined, at Step 2, that Plaintiff suffered from degenerative disc disease, headaches, depression and generalized anxiety disorder, which he found to be "severe" within the meaning of the Regulations (Tr. 14-15).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 15-16). In doing so, the ALJ specifically considered listings 1.01, 1.04, 11.01, 12.01, 12.04 and 12.06 (Tr. 16).

The ALJ further determined that Plaintiff has the residual functional capacity ("RFC") to perform work at the light/sedentary level, which does not preclude her past relevant work (Tr. 18). The ALJ also concluded that light/sedentary jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 18). Accordingly, the ALJ found Plaintiff not to be disabled at Steps 4 and 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on June 15, 2006 (Tr. 4-6).

Plaintiff thereafter filed this civil action seeking a reversal of the

Commissioner's decision.  Both parties have filed Motions for Summary Judgment

[Docket Nos. 10 and 11] and this matter is ripe for decision.

### III.  ANALYSIS

#### A.    Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is

supported by substantial evidence.  "Substantial evidence" is defined as "such

relevant evidence as a reasonable mind might accept as adequate to support a

conclusion;" it is based on the record as a whole and must take into account

whatever in the record fairly detracts from its weight.  *Garner v. Heckler*, 745 F.2d

383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by

substantial evidence, the reviewing Court must affirm.  *Kirk v. Secretary of Health

and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957

(1983).  "The court may not try the case *de novo* nor resolve conflicts in evidence,

nor decide questions of credibility."  *Bradley v. Secretary of Health and Human

Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the

Commissioner's decision "even if there is substantial evidence in the record that

would have supported an opposite conclusion, so long as substantial evidence

supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273

(6th Cir.1997).

### B.    Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not properly assess her credibility;  (2) the ALJ failed to fully develop the record as it pertains to Plaintiff's pain; and (3) the ALJ failed to properly evaluate the Plaintiff's combination of impairments.

### C.    Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ did not properly assess her credibility.   Specifically, Plaintiff contends that the ALJ improperly discredited her subjective complaints of pain and other symptoms of disabling severity.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect  to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987).

In this case, the ALJ found Plaintiff's testimony concerning the intensity, duration and limiting effects of her symptoms was "not entirely credible"  (Tr. 17). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986).

5

Based upon the record,  Plaintiff's subjective complaints do not pass *Duncan* muster.   Plaintiff claims that she became disabled due to injuries resulting from an automobile accidence which occurred in February 2004.  The record reveals that following the accident, Plaintiff was treated by a neurologist for neck, back and knee pain.  However, all diagnostic studies have been negative.  For example, an EMG and nerve conduction studies were negative foe cervical radiculopathy, myopathy or neuropathy (Tr. 236-237, 288).  Further, Plaintiff has not been placed on any restrictions which would preclude work activity; Plaintiff's treating neurologist advised her to "stay active" but avoid repetitive lifting, bending and stooping, limitations which were included by the ALJ in his RFC.

As for Plaintiff's allegedly disabling mental impairments, the record reveals only mild symptoms of depression and anxiety, far from the type of mental impairment which would limit or compromise the activities of daily living.

Although in the assessments submitted to the Commissioner, Plaintiff's treating physician suggested more restrictions (Tr. 3-2-304), the ALJ properly discounted the same.  In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a  claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence

in the case record. 20 C.F.R. § 416.927(d)(2).  The Court is mindful of the fact that the Commissioner is not bound by a  treating physician's opinion.  Such opinions receive great weight only if they are supported by sufficient  medical data.  *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).  In this case, Plaintiff's treating physician's assessments were not supported by his own treatment notes, as cited above.  In addition, the severe restrictions were not corroborated by the other medical evidence of record.

The record simply does not support the degree of pain and functional limitation alleged by Plaintiff.  As such, the Court finds no error in the ALJ's assessment of claimant's credibility.   Indeed, the ALJ's finding is supported by substantial evidence on the record as a whole.

Plaintiff's second claim of error is that the ALJ failed to fully develop the record as it pertains to her pain.   In support of this argument, Plaintiff lists all the diagnoses of record.   Plaintiff appears to suggest that diagnosis is tantamount to disability.  This argument is without merit.  The issue is not whether Plaintiff suffers from a particular impairment or disease, but rather whether the same is disabling.  *See generally,  Casey v. Secretary of Health and Human Services*, 987 F.2d 1230 (6th Cir. 1993).   It is a question of functional limitation. "The mere diagnosis says nothing about the severity of the condition."  *Higgs v. Bowen*,. 880

7

F.2d 860, 863 (6th Cir. 1988).

In this case, it is clear that the ALJ analyzed all the medical evidence of record.  If Plaintiff had additional evidence concerning the effects of her pain, the burden was upon her to submit it to the Commissioner.  *Id.  See also,* 20 C.F.R. § 416.912, 416.916 (2006).

Finally, Plaintiff maintains that the ALJ failed to properly evaluate the her combination of impairments.   Specifically, she asserts that the ALJ should have found that the combination of her impairments met or equaled the criteria for presumptive disability at Step 3 of the sequential analysis.

The Sixth Circuit Court of Appeals stated in *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999), "the burden of proof lies with the claimant at steps one through four of the [sequential disability benefits analysis]," including proving presumptive disability by meeting or exceeding a Medical Listing at step three. Thus, Plaintiff  "bears the burden of proof at Step Three to demonstrate that he has or equals an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1." *Arnold v. Commissioner of Social Security*, 238 F.3d 419, 2000 WL 1909386, *2 (6th Cir. 2000 (Ky)), *citing Burgess v. Secretary of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992).

Again, Plaintiff's argument lacks merit in that she has failed to identity

8

which Listing her impairments meet or equal.  She merely reiterates her diagnoses which, as discussed above, cannot, alone, supper an argument for disability.

### III.  CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.   Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This April 13, 2007.

Signed By:

*Henry R Wilhoit Jr.*

**United States District Judge**